_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-01233-FWS-JDE | Date: July 28, 2025 |
| Title: Jacquelyn Lopez v. Airport Management Services, LLC *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

On May 6, 2025, Plaintiff Jacquelyn Lopez ("Plaintiff") filed this case in state court. (Dkt. 1-1 Ex. A. ("Complaint" or "Compl.").) On June 6, 2025, Defendant Airport Management Services, LLC ("Defendant") removed the case to this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. 1 ("Notice of Removal" or "NOR") at 2.) However, it appears the court may lack subject matter jurisdiction because the Complaint does not adequately allege the citizenship of Defendant. (*See generally* Compl.)

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). In the case of a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must therefore be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Where a party is joined as a corporation, the complaint must allege both its respective state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01233-FWS-JDE                                         Date: July 28, 2025
Title: Jacquelyn Lopez v. Airport Management Services, LLC *et al.*

      The court finds that the Complaint does not adequately allege the citizenship of Defendant for diversity jurisdiction purposes. In the Notice of Removal, Defendant states that it is a "Delaware limited liability company" and its sole member is "Hudson Group (HG) Retail, LLC, a citizen of East Rutherford, New Jersey." (NOR at 4; Dkt. 1-2 (Declaration of Chuck Janssen) ¶ 2.) However, Defendant fails to describe the citizenship of Hudson Group (HG) Retail, LLC's members which may destroy diversity of citizenship. (*See generally* NOR.) Accordingly, the court finds that complete diversity of the parties is inadequately alleged. *See Johnson*, 437 F.3d at 899.

      Accordingly, the court **ORDERS** Defendant to show cause, in writing, no later than **August 4, 2025**, why the court should not remand this action to state court for lack of subject matter jurisdiction. *See Providence Cap. Funding, Inc. v. Morale Orchards, LLC*, 2022 WL 19692260, at *1 (C.D. Cal. May 26, 2022) (issuing order to show cause because defendants do not allege the identity of the LLCs' members or their citizenship). Failure to respond by the above date will result in the court remanding this action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citation omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").